UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHAD ST. PIERRE, ET AL.                                CIVIL ACTION

VERSUS

DUPONT SPECIALTY PRODUCTS
USA, LLC                                               NO. 22-00781-BAJ-RLB

RULING AND ORDER

This is an age discrimination case. Plaintiffs Chad St. Pierre and Patrick Wright sued their former employer, Defendant Dupont Specialty Products USA, LLC under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, as amended. (Doc. 1). On June 21, 2024, the Court denied Dupont's Motion for Summary Judgment (Doc. 29), holding that Plaintiffs had "raised a genuine dispute over the material issue of fact that is Dupont's real reason for terminating Plaintiffs." (Doc. 52 at 21). In particular, the Court found that the investigation into Plaintiffs' violation of a safety rule, which was led by Dupont employee Mark Schorr, was potentially marred by Schorr's alleged conflict of interest. (*Id.* at 17–20). The Court found that this possible conflict of interest was sufficient for a reasonable jury to believe that Dupont's stated reason for terminating Plaintiffs—the violation of the safety rule—was pretextual, and that the real reason for termination was Plaintiffs' age. (*Id.*). Importantly, however, the Court also found that Plaintiffs' other attempts to show pretext failed. (*Id.* at 12–17). These included arguments that other employees had violated the same rule without being terminated, that other employees who violated

a different safety rule were not terminated following an investigation, and that another employee made remarks about Wright's age. (*See id.* at 12). For each argument, the Court found that Plaintiffs had failed to establish a genuine issue regarding pretext. (*See id.* at 12–17). As a result of the Court's ruling, Plaintiffs cannot present those arguments at trial, and can only use evidence of the potentially flawed investigation to attempt to establish that Dupont's reason for termination was pretextual.

Now before the Court are Dupont's **Motion in Limine to Exclude All Evidence and Testimony Related to the Arc-Flash Incident (Doc. 53, the "Arc-Flash Motion")**, **Motion in Limine to Exclude Evidence, Testimony, and References to Other Purported Rule Violations and So-Called Normalized Deviations (Doc. 54, the "Other Violations Motion")**, and **Motion in Limine to Exclude Evidence and Testimony Concerning Milton Hill's Remarks About Hiring a Younger Supervisor (Doc. 55, the "Discriminatory Remarks Motion")**. These Motions seek to exclude evidence related to the examples of pretext that the Court rejected at summary judgment. The Motions are opposed. (Docs. 61, 63, 64). For the reasons that follow, the Discriminatory Remarks Motion and the Arc-Flash Motion will be granted, and the Other Violations Motion will be granted in part.

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.

401. At summary judgment, the Court held that the following arguments offered by Plaintiffs failed to establish pretext: other employees violated the same rule without being fired, other employees who violated a different safety rule were not terminated after an investigation, and another employee made remarks about Wright's age. (Doc. 52 at 12–17). Put differently, the Court held that Plaintiffs' case failed with respect to those specific arguments regarding pretext, and Plaintiffs cannot make those arguments at trial. As such, any evidence pertaining to those failed arguments is not "of consequence in determining the action." Fed. R. Evid. 401. The evidence at issue in Dupont's Motions, (Docs. 53, 54, 55), will accordingly be excluded, with one minor exception. *See Martino v. Kiewit New Mexico Corp.*, 600 F. App'x 908, 913 (5th Cir. 2015) (upholding exclusion of evidence related to certain claims as irrelevant after those claims were dismissed at summary judgment); *Bemesderfer v. United Parcel Serv., Inc.*, No. 6:22-CV-270, 2024 WL 149927, at *1 (M.D. Fla. Jan. 12, 2024) (excluding evidence related to an argument the Court had rejected at summary judgment); *cf. Mays v. Bd. of Commissioners Port of New Orleans*, No. CV 14-1014, 2015 WL 13531796, at *2 (E.D. La. Nov. 15, 2015) (denying motion in limine and admitting evidence relevant to an issue that the Court at summary judgment found constituted a disputed issue of material fact).

The minor exception is this: as Plaintiffs note in opposing Dupont's Other Violations Motion, deposition testimony suggests that Schorr may have been aware of routine, unpunished violations of the safety rule Plaintiffs were ultimately terminated for violating. (Doc. 64 at 2–3). Evidence that Schorr knew of other rule

violations is relevant to the question of whether Dupont's investigation into Plaintiffs' rule violation was flawed, and therefore possibly pretextual, because it suggests that Schorr may have been targeting Plaintiffs for reasons other than the rule violation. Evidence of this knowledge is admissible at trial, but evidence of other rule violations unknown to Schorr or other Dupont employees involved in the investigation is inadmissible. For this reason, Dupont's Other Violations Motion will be granted only in part.

Accordingly,

**IT IS ORDERED** that Dupont's **Motion in Limine to Exclude All Evidence and Testimony Related to the Arc-Flash Incident (Doc. 53)** and **Motion in Limine to Exclude Evidence and Testimony Concerning Milton Hill's Remarks About Hiring a Younger Supervisor (Doc. 55)** be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Dupont's **Motion in Limine to Exclude Evidence, Testimony, and References to Other Purported Rule Violations and So-Called Normalized Deviations (Doc. 54)** be and is hereby **GRANTED IN PART**. Only evidence related to Mark Schorr's knowledge of prior violations of the safety rule that Plaintiffs were terminated for violating will be admitted at trial.

**IT IS FURTHER ORDERED** that the **Reply Memoranda (Docs. 66, 67, 68, 69)** filed by Defendant DuPont Specialty Products USA, LLC without seeking

leave as required by the Court's Local Rule 7(f) be and are hereby **STRICKEN**.

Baton Rouge, Louisiana, this 15th day of July, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**